```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,                   :      CASE NO. 5:14-CR-289
                                            :
            Plaintiff,                      :
                                            :
vs.                                         :      OPINION & ORDER
                                            :      [Resolving Doc. 54]
LUKE D. PATTERSON,                          :
                                            :
            Defendant.                      :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 8, 2015, Defendant Luke D. Patterson entered a plea of guilty to the charge of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(e)(1).[1/] Although Defendant Patterson continues to be represented by the Federal Public Defender's Office, Defendant Patterson filed a pro se motion to dismiss the indictment on August 17, 2015.[2/]

A criminal defendant has the right to counsel, including the appointment of counsel. A criminal defendant also has the right of self-representation. There is no right, however, for a defendant to simultaneously be represented by counsel and represent himself pro se.[3/] Accordingly, a court need not consider pro se motions filed by a represented defendant.

Even if Defendant's pro se motion to dismiss the indictment could be considered, it fails.

---

[1/] Doc. 1; Doc. 42.

[2/] Doc. 54. Defendant Patterson had previously filed other pro se motions. Doc. 53 (Motion for "New Counsel"). Doc. 49 (Motion to "Vacate / Set Aside Armed Career Enhancement").

[3/] *See* United States v. Mosley, 810 F.2d 93, 97-98 (6th Cir. 1987) ("[I]t is unquestionably well-established that a person accused of a felony has a constitutional right to be represented by counsel and to have counsel appointed for him if he cannot afford one, *or*, alternatively, to represent himself in such proceedings.")

Case No. 5:14-CR-289
Gwin, J.

Defendant Patterson argues that he is the victim of double jeopardy. He pled guilty to two charges on September 18, 2014 in the Summit County Court of Common Pleas: (1) Receiving Stolen Property; and (2) Diving Under Suspension.[4] The stolen property charge concerned a firearm recovered in a traffic stop.[5] The Defendant's possession of the same firearm is the basis for the federal charge at issue in this case.[6] Defendant maintains that he is being "**RE-indicted, RE-tried and RE-convicted**" in violation of the Fifth Amendment, which states that "no person shall be subject for the same offense to be twice put in jeopardy of life or limb."[7]

The Double Jeopardy Clause provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."[8] However, the Clause's protections only extend to duplicative prosecutions brought by the same sovereign. Under the "dual sovereign" doctrine, the Clause does not prohibit the federal government and a state government from bringing successive prosecutions for offenses arising from the same criminal conduct.[9]

Even where the same sovereign is prosecuting, multiple charges can still arise from the same underlying conduct. So long as each charge requires factual proof different than the other does,

---

[4] Doc. 51-1.
[5] Doc. 51.
[6] *Id.*
[7] Doc. 54-1 at 1 (emphasis in the original).
[8] *Ohio v. Johnson*, 467 U.S. 493 (1984) (quoting *Brown v. Ohio*, 432 U.S. 161 (1977)).
[9] *Bartkus v. Illinois*, 359 U.S. 121, 128-189 (1959) ("The Fifth Amendment's proscription of double jeopardy has been invoked and rejected in over twenty cases of real or hypothetical successive state and federal prosecution cases before this Court.").

Case No. 5:14-CR-289
Gwin, J.

multiple indictments are not in violation of the Double Jeopardy Clause.[10]

Defendant's double jeopardy arguments fail.  Separate sovereigns — the state and federal governments — brought the two indictments in question.  And even if the indictments were brought by the same sovereign, the two charges each require proof of a fact that the other does not: proof that the property was stolen, in the case of the state charge; and proof that the Defendant was a felon, in the case of the federal charge.

For the foregoing reasons, the Court **DENIES** Defendant Patterson's motion for to vacate the indictment.

IT IS SO ORDERED.

Dated: August 31, 2015                    s/     *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[10] *Blockburger v. United States*, 284 U.S. 299, 301 (1932).