UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,       :      CASE NO. 5:14-CR-289
                                                :
    Plaintiff,                       :
                                                :
vs.                                            :      OPINION & ORDER
                                                :      [Resolving Doc. 104]
LUKE D. PATTERSON,                :
                                                :
    Defendant.                      :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Luke Patterson asks this Court to continue his June 23, 2017 resentencing until after he files a petition for certiorari with the Supreme Court.[1] The Court **DENIES** Patterson's request.

On September 25, 2015, this Court held that Defendant Patterson should not be sentenced under the Armed Career Criminal Act because Ohio's aggravated robbery statute does not qualify as a predicate violent felony.[2] On April 3, 2017, the Sixth Circuit reversed this Court, finding that aggravated robbery in Ohio is a predicate violent felony.[3] The Sixth Circuit directed this Court to resentence Patterson under the Armed Career Criminal Act.[4]

This Court scheduled Patterson's resentencing for June 23, 2017. Paterson now moves to continue the sentencing until after he challenges the Sixth Circuit's decision in the Supreme Court.[5] Plaintiff United States responds that Defendant is effectively asking this Court to stay

---

[1] Doc. 104.
[2] *United States v. Patterson*, 2015 WL 5675110, at *3 (N.D. Ohio Sept. 25, 2015).
[3] *United States v. Patterson*, 853 F.3d 298, 302-06 (6th Cir. 2017).
[4] *Id.* at 306.
[5] Doc. 104.

the Sixth Circuit's judgment, and the Court does not have jurisdiction to stay the Court of Appeals direction to resentence Patterson.[6]

The United States' argument wins. This Court lacks jurisdiction to stay the resentencing.

Under 28 U.S.C. § 2101(f), a "stay may be granted by a judge of the court rendering the judgment or decree [subject to review by the Supreme Court on writ of certiorari] or by a justice of the Supreme Court."[7] "Although the Sixth Circuit has not specifically addressed the issue of a district court's power to stay the execution of an appellate court judgment, the federal courts seem to have reached a consensus. The federal courts have consistently relied upon § 2101(f) for the rule that district courts lack jurisdiction to stay the execution of an appellate court judgment."[8]

Defendant Patterson responds that he is asking only to continue his resentencing, not to stay it. However, under these facts, there is no distinction. Also, little suggests that this Court's resentencing could somehow impact any petition for certiorari.

Accordingly, this Court **DENIES** Defendant Patterson's motion to continue his resentencing.

IT IS SO ORDERED.

Dated: June 15, 2017                                *s/      James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[6] Doc. 105.
[7] 28 U.S.C. § 2101(f).
[8] *Ventas, Inc. v. HCP, Inc.*, 2011 WL 3678819, at *2 (W.D. Ky. Aug. 22, 2011) (collecting cases).