UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

LUKE D. PATTERSON, : CASE NO. 5:14-cr-289
: CASE NO. 5:18-cv-1363
    Defendant-Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 127, 134, 5:14-
UNITED STATES OF AMERICA, :   cr-289]
: [Resolving Doc. 1, 5:18-cv-1363]
    Plaintiff-Respondent. :
:

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Luke Patterson moves to vacate or reduce his sentence under 28 U.S.C. § 2255.[1] The government opposes Patterson's motion.[2] Patterson also moves to strike the government's response. In support of this motion to strike, Patterson says the government's delay in serving Patterson with a copy of the response caused Patterson to miss his reply deadline.[3]

For the following reasons, the Court **DENIES** Patterson's § 2255 motion and his motion to strike the government's response.

## I. Background

On August 27, 2014, a federal grand jury indicted Patterson on one count of being a felon in possession of a firearm and ammunition.[4] On November 21, 2014, Patterson pled guilty to the indictment.[5]

---

[1] Doc. 127. The government opposes. Doc. 129. Petitioner Patterson replies. Doc. 135.
[2] Doc. 129.
[3] Doc. 134.
[4] Doc. 1.
[5] Doc. 28.

Case No. 5:14-cr-289
Gwin, J.

On February 25, 2015, the Court withdrew Patterson's guilty plea because the Court had not informed Patterson of the penalties associated with his potentially being an armed career criminal.[6] In earlier state cases, Patterson had pled guilty in 2001 to two counts of aggravated robbery under Ohio Rev. Code § 2911.01(A)(1), and one count of aggravated robbery with a firearm specification under §§ 2911.01(A)(1) and 2941.145.[7]

On April 8, 2015, after the Court advised Patterson of the maximum and mandatory minimum penalties, Patterson again pled guilty to the indictment.[8]

On September 23, 2015, the Court sentenced Patterson to 72 months imprisonment.[9] In doing so, this Court found that Patterson's aggravated robbery convictions did not qualify as violent felonies under the Armed Career Criminal Act (ACCA). Three appeals immediately followed.

Patterson appealed the Court's denial of his motion to dismiss the indictment.[10] He claimed the conviction violated double jeopardy and that it resulted from a "bad faith" prosecution brought in both state and federal court.[11]

Patterson separately appealed the judgment.[12] He argued that the Court improperly calculated the United States Sentencing Guidelines range for his base offense level.[13]

The government also appealed.[14] It argued that Patterson's aggravated robbery

---

[6] Docs. 33, 34.
[7] Doc. 69.
[8] Doc. 91.
[9] Doc. 65. The Court entered judgment on September 25, 2015. Docs. 68, 69.
[10] Doc. 72.
[11] Dkt. No. 15-4112, Doc. 28.
[12] Doc. 74.
[13] Dkt. No. 15-4113, Docs. 36, 40.
[14] Doc. 77.

conviction should have qualified as a violent felony under the ACCA's force clause.[15]

On April 3, 2017, the Sixth Circuit decided the consolidated appeals in a published opinion.[16] The Court of Appeals affirmed the Court's denial of Patterson's "bad faith" prosecution and double jeopardy claims, and affirmed the Sentencing Guidelines base offense level calculation.[17] However, it reversed the Court's determination that an aggravated robbery conviction does not qualify as a violent felony under the ACCA, and remanded the case for resentencing.[18]

On June 21, 2017, the Court resentenced Patterson to 180 months incarceration as an ACCA career criminal.[19]

Patterson again appealed.[20] He challenged his ACCA career criminal designation on the ground that the state court records did not clearly show that the aggravated robbery offenses were committed on different occasions.[21] He also claimed that the Court misinterpreted the scope of the remand by refusing to consider all available legal arguments.[22]

On December 20, 2017, the Sixth Circuit affirmed the sentence.[23]

On June 15, 2018, Petitioner Patterson filed the instant § 2255 motion.[24] He argues

---

[15] Dkt. No. 15-4113, Docs. 37, 41.
[16] *United States v. Patterson*, 853 F.3d 298 (6th Cir. 2017). The Sixth Circuit denied Patterson's petition for rehearing *en banc* on May 8, 2017. The Supreme Court denied Patterson's petition for a writ of certiorari on October 2, 2017.
[17] *Patterson*, 853 F.3d at 301–02, 305–06.
[18] *Id.* at 302–05. The Sixth Circuit issued its mandate on May 16, 2017. Doc. 103.
[19] Docs. 113, 114. On July 24, 2017, the Court entered an amended judgment to correct a clerical error. Doc. 120.
[20] Doc. 115.
[21] Appellant's Brief, Dkt. No. 17-3706, ECF No. 12.
[22] *Id.*
[23] Dkt. No. 17-3706, ECF No. 17. The Sixth Circuit issued the mandate on January 31, 2018. Doc. 126.
[24] Doc. 127.

that he is entitled to relief on numerous constitutional and non-constitutional grounds.

The government opposed the motion on July 16, 2018.[25] However, the government apparently did not serve Patterson with the opposition memorandum. Believing his § 2255 motion to be unopposed, Patterson moved for judgment to be entered in his favor on August 6, 2018.[26] After the Court denied those motions, the government apparently realized its error. It mailed Patterson a copy of its opposition memorandum on August 14, 2018.[27]

On August 24, nine days after the court-imposed reply deadline, Patterson replied to the government's opposition.[28] He also moved to strike the government's opposition because of the government's significantly delayed service, and attached the postmarked envelope as an exhibit.[29]

## II. Legal Standard

A federal prisoner may collaterally attack his sentence by filing a § 2255 motion to vacate, set aside, or correct the sentence. To prevail on a § 2255 motion, a movant "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." [30]

Movants typically waive any arguments not raised on direct appeal.[31] A movant may pursue waived claims through a § 2255 collateral attack only "when he can

---

[25] Doc. 129.
[26] Docs. 130, 131.
[27] Doc. 136.
[28] Doc. 135.
[29] Docs. 134, 136.
[30] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citation omitted).
[31] *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Case No. 5:14-cr-289
Gwin, J.

demonstrate cause and prejudice to excuse his default."[32]

In addition, a § 2255 motion "may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law."[33]

### III. Discussion

To begin, the Court denies Petitioner Patterson's motion to strike the government's response. The government's significantly delayed service caused Patterson to miss his reply deadline. Instead of striking the government's response memorandum, the Court instead recognizes Patterson's August 24, 2018 reply memorandum as timely filed.

As for the merits, none of Patterson's arguments succeeds.

First, Patterson seeks to relitigate his claim that an aggravated robbery conviction does not qualify as a violent felony under the ACCA's force clause.[34] Because the Sixth Circuit already considered this argument in his direct appeals, Patterson must show "highly exceptional circumstances, such as an intervening change in the law," to justify the Court's consideration of the claim on § 2255 collateral review.[35]

Patterson asks the Court to take judicial notice of two recent Northern District of Ohio cases, *United States v. Terry* [36] and *United States v. Lanam*.[37] He claims that in these cases the United States has conceded that an Ohio Rev. Code § 2911.01(A)(1) aggravated

---

[32] *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013).
[33] *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citation omitted).
[34] Doc. 127-1 at 3–7.
[35] *Jones*, 178 F.3d at 796 (citation omitted).
[36] No. 1:05-cr-382 (N.D. Oh. Feb. 4, 2016) (ECF No. 55). *See also* Government's Response Brief, *United States v. Terry*, No. 1:05-cr-382 (N.D. Oh. Jan. 6, 2016) (ECF No. 53).
[37] No. 1:12-cr-222 (N.D. Oh. Apr. 6, 2016) (ECF No. 31). *See also* Government's Response Brief, *United States v. Lanam*, No. 1:12-cr-222 (N.D. Oh. Feb. 1, 2016) (ECF No. 30).

Case No. 5:14-cr-289
Gwin, J.

robbery conviction is not an ACCA violent felony.

These early-2016 district court decisions are not an intervening change in law. Patterson could have raised them in his second direct appeal, and they would not change the controlling Sixth Circuit precedent from Patterson's first direct appeal.[38] In any event, neither case is on point. *Lanam* dealt with Ohio Rev. Code § 2911.02(A)(1), a lesser offense, and *Terry* specifically dealt only with the pre-1997 version of Ohio Rev. Code § 2911.01(A)(1), not the current version. The Court therefore denies this ground for relief.

Second, Patterson argues for the first time that his grand jury indictment is null and void for failing to adhere to the federal criminal rules.[39] He claims that the jury foreperson did not sign his federal indictment in violation of Federal Rule of Criminal Procedure 6(c). Patterson does not show that the Court must consider this waived claim, and even if he had, the claim would not have succeeded. The jury foreman did in fact sign Patterson's indictment. Because federal law prohibits its publication to protect grand jurors,[40] the signed copy is simply under seal.

Patterson also claims that the failure to record the grand jury proceedings in violation of Rule 6(e)(1) nullifies his conviction. Rule 6(e)(1), however, explicitly states that unintentionally failing to record the proceedings does not invalidate a prosecution.[41] In any event, mere technical violations of the federal criminal rules do not alone provide a

---

[38] *Patterson*, 853 F.3d at 302–05.
[39] Doc. 127-1 at 7–8.
[40] *See United States v. Reed*, 195 F. App'x 815, 819 (10th Cir. 2006) (explaining that the Judicial Conference of the United States and the E-Government Act of 2002 prohibit documents containing identifying information about jurors or potential jurors from being included in the public case file).
[41] *See* Fed. R. Crim. P. 6(e)(1) ("[T]he validity of a prosecution is not affected by the unintentional failure to make a recording.").

Case No. 5:14-cr-289
Gwin, J.
Case No. 5:14-cr-289
Gwin, J.

ground for relief.[42] The Court therefore denies these technical grounds for relief.

Third, Patterson seeks to relitigate his argument that the dual state–federal prosecution violated the Double Jeopardy Clause and showed that his federal prosecution was brought in "bad faith."[43] On direct appeal, the Sixth Circuit already considered these claims, and Patterson does not now assert any "highly exceptional circumstances" to justify their consideration here.[44] Accordingly, the Court denies this ground as well.

Fourth, Patterson argues that his stolen property state conviction and his subsequent felon in possession of a firearm federal conviction violate the Double Jeopardy Clause because both convictions derive from the same act concerning a firearm.[45] Although Patterson may not have raised this particular double jeopardy argument on direct appeal, he raised it before this Court during the first round of sentencing.[46] This claim is therefore waived or previously litigated, and Patterson does not make the necessary showing to justify bringing the claim here. Accordingly, the Court denies this ground for relief.

---

[42] *See, e.g.*, *United States v. Timmreck*, 441 U.S. 780, 784 (1979) (denying a Rule 11 violation as a ground for relief because it could not reasonably be claimed as a constitutional or jurisdictional violation, or that it "resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure'").

[43] Doc. 127-1 at 8–9.

[44] *Jones*, 178 F.3d at 796 (citation omitted).

[45] Doc. 127-1 at 9–10.

[46] Doc. 57 (rejecting Patterson's argument that he is a victim of double jeopardy).

## Conclusion

For the foregoing reasons, the Court **DENIES** Patterson's § 2255 motion to vacate or reduce his sentence, and his motion to strike the government's response. The Court certifies that no basis exists upon which to issue a certificate of appealability.[47]

IT IS SO ORDERED.

Dated: October 15, 2018     *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[47] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).