UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:14-cr-00289 |
|  | : |  |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 140] |
| vs. | : |  |
|  | : |  |
| LUKE D. PATTERSON, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Luke Patterson requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1]  The Government opposes.[2]

For the following reasons, the Court **DENIES** Patterson's motion for compassionate release.

I.    Background

In April 2015, Patterson pleaded guilty to a single count of felon in possession of a firearm and ammunition.[3]  In June 2017, this Court sentenced Patterson—an armed career criminal—to180 months imprisonment and five years supervised release.[4]

---

[1] Doc. 140.
[2] Doc. 149.
[3] Doc. 42.
[4] Doc. 114.

Case No. 5:14-cr-00289
GWIN, J.

## II.   Discussion

On August 13, 2020, Patterson moved for compassionate release.[5]  Patterson requests a sentence reduction due to medical conditions that he claims increase his risk for severe illness if he contracts COVID-19.[6]

The Government opposes.[7]  The Government contends Patterson has not exhausted his administrative remedies and does not presently have any medical conditions that warrant release.  Moreover, the Government asserts the § 3553 factors do not support early release.[8]

### A.   Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[9]

Patterson states that he asked the FCI Gilmer warden for a sentence reduction on June 2, 2020.[10]  And Patterson attaches a copy of the written request to his motion.[11]  However, as the Government points out, a prison staff member did not the sign the Inmate Request Form, suggesting prison officials did not receive the request.[12]  Further, the Government confirmed with a Bureau of Prisons officials that FCI Gilmer does not have a record of

---

[5] Doc. 140.
[6] *Id.*
[7] Doc. 149.
[8] *Id.*
[9] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[10] Doc. 140 at 6.
[11] Doc. 140-1.
[12] Doc. 149 at 7; Doc. 140-1.

Case No. 5:14-cr-00289
GWIN, J.

Patterson's request.[13]  The Court finds that Patterson has not demonstrated that he has met

the statutory exhaustion requirement.[14]

### B.  Eligibility

Even if Patterson had met the exhaustion requirement, he has not demonstrated that

extraordinary and compelling circumstances warrant a sentence reduction.  To grant

compassionate release, the Court must find that "extraordinary and compelling reasons

warrant such a reduction" and "that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."[15]  The Court must also consider the

sentencing factors set forth in 18 U.S.C. § 3553.[16]

The applicable policy statement instructs that extraordinary and compelling reasons

for a sentence reduction fall into four categories: (i) serious or terminal medical conditions,

(ii) age, (iii) family circumstances, and (iv) other reasons.[17]

---

[13] *Id.*

[14] *See U.S. v. Pack*, No. 17-CR-20002-10, 2020 WL 5648581 at *3 (W.D. Tenn. Sept. 22, 2020).

[15] 18 U.S.C. § 3582(c)(1)(A).

[16] *Id.*

[17] USSG § 1B1.13 cmt. n.1.  The policy statement is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2020), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.4).  Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one").  This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases). *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).

Case No. 5:14-cr-00289
GWIN, J.

Patterson claims that he suffers from medical conditions that increase his risk of serious illness if contracts COVID-19.[18]  Specifically, Patterson states he has a heart murmur, respiratory issues, hyperglycemia, and that he previously had a minor heart attack.

However, Patterson's medical records do not indicate that he currently has a heart murmur or that he has had a heart attack.[19]  Instead, those records show that Patterson has complained of chest pain, that medical staff evaluated him, and that Patterson does not require ongoing treatment for any cardiovascular issues.[20]  Likewise, there is nothing in Patterson's medical records to suggest he has a respiratory condition or is hyperglycemic.[21]

Further, the Court agrees with the Government that the § 3553 do not support compassionate release.  Patterson was sentenced as an armed career criminal and committed multiple armed robberies prior to the offense for which he is currently incarcerated.[22]

## III.    Conclusion

Patterson has not demonstrated administrative exhaustion; therefore, the Court **DENIES** without prejudice Patterson's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).


IT IS SO ORDERED.


Dated:  December 31, 2020              s/      *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE


---

[18] Doc. 140 at 2.
[19] Doc. 149-1.
[20] *Id.*; Doc. 152-1.
[21] Doc. 149-1.
[22] Doc. 149 at 15.