UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:14-cr-00289 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 166] |
| v. | : | |
| | : | |
| LUKE D. PATTERSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Luke Patterson currently serves a 15-year sentence after pleading guilty to being a felon in possession of a firearm.[1] Earlier in this case, the Court denied Patterson's 28 U.S.C. § 2255 motion.[2] In doing so, the Court rejected Patterson's argument that the mandatory minimum penalty under the Armed Career Criminal Act (ACCA) did not apply to Patterson.[3]

Several years later, Defendant Patterson filed a "Request for Modification of Sentence Due to Intervening Case Law."[4] In this request asking for a sentence change, Patterson argues that recent changes in law based on Supreme Court and Sixth Circuit decisions make it inappropriate to apply the ACCA mandatory minimum in his case.[5] The Government objected to Patterson's request as a second or successive § 2255 motion, requesting that the Court transfer Patterson's request to the Sixth Circuit.[6]

---

[1] Doc. 120 at 1–2.
[2] Doc. 137.
[3] *Id.* at 5–6.
[4] Doc. 162.
[5] *Id.*
[6] Doc. 166.

Case No. 5:14-cr-00289
GWIN, J.

The Court appointed counsel to represent Patterson in his request.[7] Appointed counsel then filed a supplement arguing that Patterson's request was a motion under Federal Rule of Civil Procedure 60(b)(6), not a second or successive § 2255 motion.[8] The Government responded to that supplement.[9] Patterson replied.[10]

Because Patterson's motion is properly construed as a second or successive § 2255 motion, the Court **GRANTS** the Government's request to transfer and **TRANSFERS** Patterson's Rule 60(b) motion to the Sixth Circuit.

\* \* \*

Usually, a criminal defendant can file only one § 2255 motion. A defendant can file a second or successive § 2255 motion under limited circumstances.[11] And even then, a court of appeals panel must certify that one of those circumstances applies before the defendant can file another § 2255 motion.[12]

If a defendant files a second or successive § 2255 motion in district court without court of appeals authorization, the district court must transfer that motion to the court of appeals.[13]

Although nothing prevents a defendant from filing a Rule 60(b) motion in habeas proceedings, such motions must sometimes be treated as § 2255 motions when applying the limits on second or successive motions.[14] Specifically, a Rule 60(b) motion must be considered a § 2255 motion when the defendant either (a) seeks to add a new ground for

---

[7] Non-Doc. Order (Aug. 25, 2023).
[8] Doc. 171.
[9] Doc. 172.
[10] Doc. 173.
[11] 28 U.S.C. § 2255(h).
[12] *Id.*
[13] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (requiring district courts to transfer second or successive § 2255 motions pursuant to 28 U.S.C. § 1631).
[14] *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

Case No. 5:14-cr-00289
GWIN, J.

relief, or (b) attacks the district court's previous § 2255 decision on the merits.[15]  Here, the Government argues that Defendant Patterson's Rule 60(b) motion is second or successive under prong (b) of this test.[16]

A Rule 60(b) motion attacks the merits of a previous § 2255 decision when the motion argues that there are grounds entitling the defendant to habeas relief.[17]  That is, a Rule 60(b) motion attacks the merits when it makes the argument that (1) there was a constitutional error, (2) the defendant's sentence was outside statutory limits, or (3) there was a fundamental error of fact or law rendering the entire criminal proceeding invalid.[18]  If the defendant wins on a merits argument, the defendant's sentence is invalid.

By contrast, attacks on the district court's prior determination of procedural barriers, such as timeliness, are not attacks on the merits.[19]  That is because such attacks question the integrity of the habeas proceedings.[20]  They do not raise any questions about how the underlying criminal proceedings were conducted, nor do they raise any basis for questioning the defendant's sentence.  If the defendant succeeds in attacking the district court's procedural determination, that success would not entitle the defendant to relief by itself.  The defendant would still need to prevail separately on the merits.

Defendant Patterson's Rule 60(b) motion is an attack on the merits of this Court's prior § 2255 order.  Patterson argues that a change in sentencing law renders his sentence

---

[15] *In re Nailor*, 487 F.3d at 1022 (citing *Gonzalez*, 545 U.S. at 532).
[16] Doc. 172 at 3.
[17] *In re Nailor*, 487 F.3d at 1022 n.2 (citing *Gonzalez*, 545 U.S. at 532 n.4).
[18] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citation omitted).
[19] *In re Nailor*, 487 F.3d at 1022 n.2 (citing *Gonzalez*, 545 U.S. at 532 n.4).
[20] *Gonzalez*, 545 U.S. at 532.

- 3 -

Case No. 5:14-cr-00289
GWIN, J.

improper.[21] If Patterson is correct, then his current sentence would be invalid, indicating that Patterson's argument is merits-based.

Patterson disagrees, arguing that his motion is based on a change in law, not an attack on the merits.[22] But Patterson confuses the issue. An attack based on a change in law can be a merits attack or a non-merits attack depending on what law changed.

For example, if statute-of-limitations law changed, an attack based on that change would not be on the merits because the statute of limitations is a procedural barrier.[23] As § 2255 recognizes, though, a Rule 60(b) motion based on a change in constitutional law would be a second or successive motion raising merits issues.[24]

Because Patterson's motion focuses on changes in substantive sentencing law rather than changes in procedural law, Patterson's motion attacks the merits. Patterson's Rule 60(b) motion is therefore a second or successive § 2255 motion.

\* \* \*

The Court **GRANTS** the Government's transfer request and **TRANSFERS** Patterson's Rule 60(b) motion (Doc. 162) to the Sixth Circuit. The Court expresses no opinion on whether Patterson's Rule 60(b) motion has merit.

IT IS SO ORDERED.

Dated: January 16, 2024      *s/    James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[21] Doc. 162.
[22] Doc. 171 at 8.
[23] See *Gonzalez*, 545 U.S. at 533.
[24] See 28 U.S.C. § 2255(h)(2) (providing that motions based on "a new rule of constitutional law" are permissible second or successive motions).

- 4 -