IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:14-CR-00289 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| LUKE PATTERSON, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Luke Patterson's ("Defendant" or "Patterson") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed on August 30, 2024 ("Defendant's Motion"). (Doc. No. 176.) On September 24, 2024, the instant matter was transferred to the undersigned. On September 26, 2024, the United States of America filed a Response in Opposition to Defendant's Motion ("the Government's Response"). (Doc. No. 177.) On October 1, 2024, Defendant filed a Reply to the Government's Response ("Defendant's Reply").

In *United States v. Patterson*, 853 F.3d 298, 303 (6th Cir. 2017), the Sixth Circuit Court of Appeals, held that Patterson's previous convictions for aggravated robbery under O.R.C. § 2911.01(A)(1) qualified as violent felonies, subjecting him to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) and its mandatory minimum of 15 years. Accordingly, on June 21, 2017, this Court sentenced Patterson to 180 months or 15 years, with credit for time served.

Patterson seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing that he has met the three criteria required for a sentence reduction. Specifically, according to Patterson, he has exhausted his administrative remedies; he has an "extraordinary and compelling reason" for a sentence reduction as outlined in U.S.S.G. § 1B1.13(b)(6), because there has been a change in law,

producing a gross disparity between the current sentence and the sentence that would have otherwise been imposed, and he has already served 10 years of his sentence; and the § 3553(a) factors support and his post-sentencing conduct merits consideration for a reduced sentence.

In the Government's Response, the Government does not dispute that Patterson has exhausted his administrative remedies, presumably because Exhibit A attached to Defendant's Motion demonstrates that on November 17, 2023, Patterson submitted a request for compassionate release to the warden at FCI Gilmer. (Doc. No. 176-1, PageID # 1156.) Indeed, this Court finds that Patterson has exhausted his administrative remedies. Moreover, in the Government's Response, the Government agrees that Patterson has served more than 10 years of his 15-year sentence and so does this Court.

In terms of arguing that there has been a "change in the law" as required under U.S.S.G. § 1B1.13(b)(6), Patterson relies upon the Sixth Circuit's decision in *United States v. White*, 58 F.4th 889, 897 (6th Cir. 2023), where the Court held that Ohio's aggravated robbery statute, when there is no specific theft predicate offense identified, does not qualify as a violent felony because it is a strict liability statute, and that an ACCA violent felony must be committed purposefully or knowingly. (Doc. No. 176, PageID # 1149.) According to Patterson, he was convicted of being a felon in possession under federal law and subjected to a mandatory minimum under the ACCA due to his previous aggravated robbery convictions under the same Ohio statute as Mr. White, specifically O.R.C. § 2911.01(A)(1), and like that of Mr. White, Patterson's indictment for the prior aggravated robbery offenses did not explicitly state the underlying theft offense and a required mens rea, citing R. 61-1: Trumbull County JE, PageID 332. (*Id.*, PageID # 1150.) Thus, according to Patterson, under *White*, if he were sentenced today, his prior aggravated robbery convictions could not serve as

2

predicate offenses subjecting him to the ACCA, and the 15-year mandatory minimum sentence that he is serving.

In the Government's Response and relying upon and quoting in part from U.S.S.G. § 1B1.13(c)[1], the Government contends that Patterson has not met the criteria set forth in U.S.S.G. § 1B1.13(b)(6) and therefore, he "cannot invoke that subsection in support of his sentence reduction, even assuming that it was valid." (Doc. No. 177, PageID # 1170.) It argues that in invoking *White*, "an intervening judicial decision, Defendant is not relying on a *change* in the law that was not (and could not have been) applicable at his sentencing, such as a subsequent decision to lower the applicable penalties for his offense." (*Id.*) Instead, according to the Government, Patterson "seeks to challenge the validity of his judgment based on a judicial decision interpreting existing law in a manner that supports a claim of legal error that he did not previously recognize." (*Id.*) And the Government cites cases from the Second, Third, Fourth, Fifth, Seventh, Eighth, Tenth Circuits, and more importantly, the Sixth Circuit's decision in *United States v. West*, 70 F.4th 341, 346-47 (6th Cir. 2023) for its argument that a claimed error in a defendant's judgment cannot provide extraordinary and compelling reasons for a sentence reduction and that a defendant cannot resort to Section 3582(c)(1)(A)(i) to circumvent the normal process of direct and collateral review.[2]

The Government also argues that the Sentencing Commission exceeded its Congressionally-delegated authority in promulgating subsection (b)(6), and that subsection (b)(6) conflicts with

---

[1] U.S.S.G. § 1B1.13(c) provides in relevant part that "[e]xcept as provided in subsection (b)(6), a change in the law … shall not be considered for purposes of determining whether an extraordinary and compelling reason exists."
[2] In *West*, the Sixth Circuit concluded that the presumed sentencing error in West's case could not serve as an extraordinary and compelling reason for his compassionate release. In so concluding the Sixth Circuit abided by "the spirt and language of" its prior decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), *cert denied*. 143 S. Ct. 2506 (2023), as well as "the persuasive authority of at least five sibling circuits." 70 F.4th at 348.

3

Section 3582(c)(1)(A)'s plain text, context, and purpose, and cites the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022)(en banc), *cert denied,* 143 S. Ct. 2509 (2023) for the proposition that therein the Sixth Circuit determined that "Section 3582(c)()A)(A)(i)'s clear meaning excludes intervening developments in sentencing law from constituting 'extraordinary and compelling' reasons for a sentence reduction, whether considered alone or in connection with other factors and circumstances." (Doc. No. 177, PageID # 1174.) According to the Government, the Sixth Circuit's holding in *McCall* that a nonretroactive change in sentencing law does not constitute an extraordinary and compelling reason to reduce a sentence binds this Court and warrants rejection of Patterson's argument for a reduced sentence pursuant to subsection (b)(6).³ The Government also argues that the Commission's interpretation of Section 3582(c)(1)(A) as empowering district courts to apply nonretroactive changes in law to particular defendants is in serious tension with basic separation-of-powers principles. And according to the Government, even if subsection (b)(6) "represented a valid exercise of the Commission's delegated authority, *** [t]he change in law which affects Patterson's sentence did not lead to gross disparity between the current sentence and the sentence likely to be imposed today." (*Id.*, PageID # 1186.) Finally, the Government argues that the Section 3553(a) factors independently preclude relief.

In Defendant's Reply, Patterson argues that the Sentencing Commission did not exceed its authority when enacting U.S.SG. § 1B1.13(b)(6), citing to four district court cases, to include a district court decision within the Sixth Circuit, specifically *United States v. Brown*, No. 2:95-CR-66(2), 2024 WL 409062, at *4-6 (S.D. Ohio Feb. 2, 2024).⁴ Patterson requests that if this Court

---

³ Indeed, in *McCall*, the Sixth Circuit held that "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis. Full stop." 56 F.4th at 1066.

4

disagrees with what he contends is the weight of authority that finds the Commission acted within its authority, then it should stay his case until the Sixth Circuit Court of Appeals issues a decision in either *United States v. McHenry*, Sixth Cir. No. 24-3289,[5] or *United States v. Jason Bricker*, Sixth Cir. No. 24-3286, or *United States v. Luis Orta*, Sixth Cir. No. 24-5182."  (Doc. No. 178, PageID # 1191.)  Patterson represents that the validity of subsection (b)(6) has been raised in these cases and the Court of Appeals has consolidated the cases for oral argument scheduled for October 31, 2024.

In Defendant's Reply, Patterson also contends that if this Court agrees with the Government that he is not eligible for relief under subsection (b)(6), then there is another basis for granting him a sentence reduction, specifically the "catch all provision" set forth under subsection (b)(5).  That subsection reads:  "Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  U.S.S.G. § 1B1.13(b)(5).  However, the Court finds that Patterson has failed to demonstrate that he is entitled to a sentence reduction pursuant to this "catch all provision";[6] and indeed, this argument was raised for the first time in Defendant's Reply and therefore, is waived.[7]

---

[5] In both *United States v. Wilson*, No. 1:92-cr-138, 2024 WL 1556313, at *8 (N.D. Ohio April 10, 2024); and *United States v. McHenry*, No. 1:93 CR 84, 2024 WL 1363448, at *7 (N.D. Ohio Mar. 29, 2924), the Court concluded that subsection (b)(6) is nullified by binding Sixth Circuit precedent, specifically *McCall*.  And, in *United States v. Rodriguez*, No. 1:14-cr-00214 (N.D. Ohio Oct. 28, 2024), this Court agreed.

[6] In Defendant's Reply, Patterson fails to demonstrate that "any other circumstances or combination of circumstances that, when considered by themselves or together with any of the circumstances described in paragraphs (1) through (4)" – Medical Circumstances of the Defendant, Age of the Defendant, Family Circumstances of the Defendant, and Victim of Abuse – "are similar in gravity to those described in paragraphs (1) through (4)."  Patterson does assert that "the unique circumstances of this case" warrant a sentence reduction because he has been challenging the ACCA classification "at every step of the way and the Court of Appeals has finally agreed and held that Ohio's aggravated robbery is not an ACCA predicate offense."  This Court finds this argument to be insufficient to establish an extraordinary and compelling circumstance pursuant to subsection (b)(5).

[7] Courts "will generally not hear issues raised for the first time in a reply brief." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). If a party raises an argument for the first time in its reply brief, the party has waived the argument.

District Courts may grant a sentence reduction when three criteria are met: (1) extraordinary and compelling reasons warrant a reduction; (2) a reduction is consistent with any applicable Sentencing Commission policy statements; and (3) the applicable § 3553(a) sentencing factors support relief. 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 991 F.3d 717, 718 (6th Cir. 2021). The flipside is that district courts must deny such motions when any of those three prerequisites is lacking. *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021). Stated differently, "a district court may deny compassionate release if it finds that the defendant fails to meet any one of the three steps and may do so without addressing any of the other criteria." *United States v. Taylor*, No. 20-4241, 2021 WL 2182320, at *2 (6th Cir. May 28, 2021) (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

The Court has already concluded that Patterson has not demonstrated an "extraordinary and compelling" reason for a sentence reduction pursuant to subsection (b)(5), or the "catch all provision." As far as Defendant's Motion is concerned, then, that leaves subsection (b)(6) to provide an extraordinary and compelling reason to justify a sentence reduction. However, this Court concludes that it is bound by the Sixth Circuit's holding in *McCall*, leading this Court to find that Patterson has not demonstrated an "extraordinary and compelling" reason for a sentence reduction.[8] And if or since Patterson cannot rely upon subsection (b)(6) to demonstrate an "extraordinary and compelling" reason, the Court need not consider whether the § 3553(a) factors support a sentence reduction.

---

*Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 595 n.4 (6th Cir. 2008) (citing *Renkel v. United States*, 456 F.3d 640, 642 n.1 (6th Cir. 2006)); *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).
[8] This Court is aware that in Defendant's Motion, Patterson cites to *United States v. Cornell*, 2024 WL 3532924 (N.D. Ohio July 25, 2024) wherein the Court, specifically the Honorable Judge James S. Gwin, reached a conclusion different than that reached by the undersigned.

However, in lieu of denying Defendant's Motion, the Court hereby grants Patterson's request that that his Motion be stayed pending a decision by the Sixth Circuit in *McHenry*, *Bricker*, or *Luis Orta*. Defendant's counsel shall file a notice with this Court within ten (10) days of the Sixth Circuit's decision(s) in any of these cases; and then the Court will issue a supplemental briefing schedule as to the impact of any such decision if/as necessary.

**IT IS SO ORDERED.**

Date: October 31, 2024

　_s/Pamela A. Barker_　
PAMELA A. BARKER
U. S. DISTRICT JUDGE